UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JERRY TOTH, *individually and on behalf of T.T., a child
with a disability*,

                               Plaintiffs,

              -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                            Defendant.
-------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

21-CV-4245
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiff Jerry Geza Toth ("Plaintiff") commenced this action individually and on behalf of

his minor child, T.T., against New York City Department of Education ("DOE" or "Defendant"),

alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400

*et seq. See generally,* Dkt. No. 1 ("Compl.).  Plaintiff was granted leave to amend the Complaint

to additionally allege violations of a prior pendency order, due process under 42 U.S.C. § 1983

("Section 1983"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*,

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a ("Rehabilitation Act"), the New York

State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*., and the New York City

Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq. See* Dkt. No. 11-1 ("First

Amended Complaint" or "FAC")).[1]  On January 5, 2023, the Court denied Defendant's motion to

---

[1] The Amended Complaint was originally filed on January 26, 2022.  *See* Dkt. No. 10.  On January 27, 2022, the Court ordered Plaintiff to address Fed. R. Civ. P. 15(a)(1)(A).  *See* Text Order, dated January 27, 2022.  On January 31, 2022, Plaintiff moved for leave to amend the Complaint and attached the First Amended Complaint as Exhibit 1.  *See* Dkt. No. 11.  On March 21, 2022, the Court granted Plaintiff's motion to amend the Complaint, making the First Amended Complaint at Dkt. No. 11-1 the operative pleading here.

dismiss the First Amended Complaint for failure to state a claim.  *See* Dkt. No. 27; *Toth v. New York City Dep't of Educ.*, 2023 WL 121733 (E.D.N.Y. Jan. 5, 2023).

Currently pending before the Court, on referral from the Honorable Ann M. Donnelly, United States District Judge, are (1) Plaintiff's Motion for Leave to Amend the First Amended Complaint (Dkt. No. 44), and (2) Defendant's Cross-Motion for Partial Judgment on the Pleadings (Dkt. No. 63).  *See* Referral Order dated October 18, 2023.  Defendant's Cross-Motion has been referred to the undersigned for a Report and Recommendation.  *Id.*

For the reasons set forth below, the undersigned respectfully recommends that Defendant's Cross-Motion for Partial Judgment on the Pleadings be **GRANTED** and that Plaintiff's Motion for Leave to Amend the First Amended Complaint be **GRANTED IN PART AND DENIED IN PART**.[2]

## I.    <u>Background</u>

The Court presumes familiarity with the underlying facts of this case, which were detailed comprehensively in the prior Memorandum Decision and Order.  *See* Dkt. No. 27 at 1-5.[3]

---

[2] United States magistrate judges have the authority to issue decisions on motions to amend without any referral from a district judge. *See Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 187 (E.D.N.Y. 2022) (citing *Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002) (finding that the magistrate judge acted within his authority in denying a motion to amend the complaint)); *see also* L. Civ. R. 72.2 ("a Magistrate Judge . . . is empowered to act with respect to all non-dispositive pretrial matters unless the assigned District Judge orders otherwise").  A few courts in this Circuit, however, "have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive."  *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21-CV-4550 (VSB) (RWL), 2024 WL 379952, at *1 (S.D.N.Y. Feb. 1, 2024); *see also Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439 (AMD) (CLP), 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) ("unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a).").  Given the unique procedural posture of the instant case and the intertwined nature of the First Amended Complaint and the Second Amended Complaint, the undersigned submits, out of an abundance of caution, a report and recommendation herein.

[3] Citations are to the pages on the ECF docket unless otherwise noted.

In short, Plaintiff alleges that his child with autism missed 500 hours of classroom instruction and 271 hours of home-based instruction from March 1, 2020 to June 30, 2020, when New York City schools shut down during the COVID-19 pandemic.  FAC ¶ 15.  Plaintiff seeks 771 hours of compensatory education for T.T.  *Id.* at 28.  Plaintiff additionally seeks recovery under the NYCHRL, individually and on behalf of a class of "all New York City children with disabilities . . . who missed classes from March 1, 2020 and June 30, 2020."  *Id.* at 18.

On July 28, 2021, Plaintiff filed the original Complaint, alleging violations of the IDEA. Dkt. No. 1.  The First Amended Complaint includes additional claims specific to T.T., namely, violations of a prior district court pendency order, due process under Section 1983, the ADA, Rehabilitation Act, the NYCHRL, and the NYSHRL.  FAC ¶¶ 21-27.  In addition, the First Amended Complaint alleges a class claim under the NYCHRL.  *Id.* ¶¶ 63-72.  The Court directed Defendant to answer or move with respect to the First Amended Complaint by April 18, 2022.  *See* Text Order dated March 21, 2022.  On April 18, 2022, Defendant filed its motion to dismiss for failure to state a claim, arguing that Plaintiff's claims are barred by *res judicata*, prior agency decision, and a prior settlement agreement.  Dkt. No. 20.  On January 5, 2023, the Court denied Defendant's motion to dismiss, holding that Plaintiff's claims relating to the COVID-19 school closures are not precluded.  Dkt. No. 27 at 6-13.

On July 1, 2023, Plaintiff sought leave to amend the First Amended Complaint.  Pl. Mot.; *see* Dkt. No. 44-1 ("Second Amended Complaint" or "SAC")).  The proposed Second Amended Complaint is functionally identical to the First Amended Complaint, but for two differences.  First, Plaintiff seeks to add as plaintiffs nine parents of children with disabilities: E.M. for B.R., L.B. for L.R., A.J. for W.A.J., C.Y. for L.R., C.W. for E.W., N.G. for N.G., I.P. for Z.P., M.A. for A.A.,

and N.G. for N.G.  SAC ¶ 2.[4]  Second, Plaintiff seeks to withdraw the NYSHRL claim.  SAC at 25 (showing a redline through Plaintiff's Fifth Cause of Action, in which Plaintiff alleges a NYSHRL violation).

Defendant opposes Plaintiff's Motion and cross-moves for partial judgment on the pleadings.  Dkt. No. 64 ("Def. Mem.").  On October 18, 2023, the Cross-Motion was referred to then-Magistrate Judge Ramon E. Reyes for a Report and Recommendation.  *See* Referral Order dated October 18, 2023.  On November 9, 2023, this case was reassigned to the undersigned.  *See* Docket Entry dated November 9, 2023.

## II.    **Defendant's Cross-Motion for Partial Judgment on the Pleadings**

Defendant cross-moves for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. No. 63.  Defendant seeks dismissal of the NYCHRL claims, as well as Plaintiff's claims under Section 1983, the ADA, and the Rehabilitation Act.  *See id.*  Defendant concedes that Plaintiff's IDEA claim (Count 3 of the First Amended Complaint) survives through the pleadings phase.  *See* Def. Mem. at 15, 38.  Defendant has answered (Dkt No. 40), and now brings a successive motion for partial judgment on several claims in the First Amended Complaint.  Dkt. No. 63.  Defendant first argues that Plaintiff's NYCHRL claims should be dismissed for failure to comply with relevant notice requirements.  Def. Mem. at 10-13.  Defendant next argues that Plaintiff's Section 1983 claim should be dismissed "as Plaintiff fails [to plausibly] show a municipal policy, custom, or practice was the moving force behind such an alleged violation, or that [he was] denied adequate due process."  *Id.* at 30.  Finally, Defendant argues that Plaintiff's ADA and Rehabilitation Act claims should be dismissed because Plaintiff fails to show that

---

[4] Plaintiff later requested that Doris Chen ("Chen"), the parent of another DOE student, A.D., also be permitted to join the action as a named plaintiff in the purported class.  Dkt. No. 67.  Plaintiff seeks to amend the caption as well.  *See* SAC at 1.

Defendant, "in not ordering additional compensatory education for T.T., discriminated against T.T. and acted with the requisite bad faith or gross misjudgment to state a claim" under either Act. *Id.* at 35.

For the reasons discussed herein, the undersigned respectfully recommends that the Court grant Defendant's Cross-Motion.

### A.   Legal Standards

Pursuant to Fed. R. Civ. P. 12(c), after the pleadings have closed, "but early enough not to delay trial," a party may move for judgment on the pleadings. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (quoting Fed. R. Civ. P. 12(c)). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010).

"To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (alterations adopted) (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief . . . calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quotation marks and citation omitted).

"In assessing a Rule 12(c) motion, the court may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint or answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice."  Goldberg v. Pace Univ., 88 F.4th 204, 210 (2d Cir. 2023) (citations omitted).  If, however, a pleading is contradicted by a document either attached to that pleading or otherwise "made a part thereof, the document controls and the court need not accept as true the allegations of the [pleading]."  *Wells Fargo*, 127 F. Supp. 3d at 167 (alteration in original) (quoting *Sazerac Co. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994)).

"That defendant[] previously filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) does not preclude [it] from bringing a second motion directed against the same complaint under Rule 12(c)."  *Tomasino v. Estee Lauder Companies, Inc.*, No. 13-CV-4692 (ERK) (RML), 2015 WL 4715017, at *2 (E.D.N.Y. Aug. 7, 2015) (citing *Biro v. Conde Nast,* 963 F. Supp. 2d 255, 266 n.2 (S.D.N.Y. 2013) ("[I]t is generally permitted by Rule 12(h)(2) to bring successive motions challenging the sufficiency of a claim, the first under 12(b)(6) and the second, after the [a]nswer has been filed, under Rule 12(c).")); *Palmer v. N.Y. State Office of Court Admin.,* No. 00-CV-00110, 2007 WL 2362360, at *4 (N.D.N.Y. Aug. 13, 2007) ("District courts in the Second Circuit have held that successive motions to dismiss for failure to state a claim are not precluded by 12(h)(2)—that is, failure to raise a particular defense in a motion to dismiss does not preclude a party from bringing that defense in a 12(c) motion."); Wright & Miller, *Federal Practice and Procedure: Jurisdiction* 3d § 1385 at 483 ("[E]ven though a Rule 12(b) motion has been made and a second Rule 12(b) motion is not permitted, the three defenses listed in Rule 12(h)(2) may be raised on a motion under Rule 12(c) for judgment on the pleadings . . . .")).

As the Court noted in its January 5, 2023 memorandum and opinion,

Although the plaintiff is proceeding *pro se*, he is an experienced, practicing attorney "familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Accordingly, the special solicitude given to *pro se* litigants does not apply here. *Id.*

Dkt. No. 27 at 5.

### B.    The Court Lacks Subject Matter Jurisdiction Over the NYCHRL Claims

Plaintiff argues that Defendant violated the NYCHRL because "the denial of compensatory education to students with disabilities constitutes unlawful discriminatory conduct justifying an injunction" pursuant to NYCHRL § 8-502(a). Dkt. No. 70 at 30-31. In response, Defendant argues that Plaintiff's putative NYCHRL class and individual claims should be dismissed for failure to comply with relevant notice requirements. *See* Def. Mem. at 10-13.

Under the NYCHRL, it is an "unlawful discriminatory practice" for "any place or provider of public accommodation, because of the actual or perceived . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . ." N.Y.C. Admin. Code § 8-107(4)(a). The NYCHRL defines "provider of public accommodation" as "providers . . . of goods, services, facilities, accommodations, advantages or privileges of any kind," and defines "disability" as "any physical, medical, mental or psychological impairment, or a history or record of such impairment." N.Y.C. Admin. Code § 8-102(9), (16)(a). In turn, "a plaintiff asserting a claim of discrimination under the NYCHRL must allege that he was treated less well because of h[is] [membership in a protected class]." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 300 (S.D.N.Y. 2019) (quotation marks omitted). In other words, a plaintiff must allege "differential treatment of any degree based on a discriminatory motive." *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014).

Pursuant to New York Education Law § 3813(1), Plaintiff is required to provide notice of any NYCHRL claims he intends to bring against the DOE within three months of the accrual of the claims. *See Robinson v. New York City Dep't of Educ.*, No. 20-CV-8175 (VSB), 2023 WL 5935491, at *2 (S.D.N.Y. Sept. 12, 2023). "Notice of claim requirements 'are construed strictly by New York state courts,' and failure to comply with these requirements 'ordinarily requires a dismissal for failure to state a cause of action.'" *Ramsaroop v. Dep't of Educ. of City of New York*, No. 20-CV-4947 (ER), 2022 WL 376029, at *9 (S.D.N.Y. Feb. 8, 2022) (quoting *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999)); *see also Nelson v. Mount Vernon City Sch. Dist.*, No. 15-CV-8276 (KMK), 2017 WL 1102668, at *3 (S.D.N.Y. Mar. 23, 2017) (quotation marks omitted) (failure to comply with New York Education Law § 3813(1) is a "fatal defect mandating dismissal of the action"). This standard applies even if there is past or ongoing litigation. *Varsity Tr., Inc. v. Bd. of Educ. of City of NY.*, 5 N.Y.3d 532, 536 (2005) (citations and quotation marks omitted) (notice of claim required "even where the Department had actual knowledge of the claim or failed to demonstrate actual prejudice").

"The essential elements to be included in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose and, where an action in contract is involved, the monetary demand and some explanation of its computation." *Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 127 (W.D.N.Y. 2010) (citing *Parochial Bus Systems, Inc. v. Board of Educ. Of City of New York*, 60 N.Y.2d 539, 547, 470 N.Y.S.2d 564, 458 N.E.2d 1241 (1983)) (citations omitted). Even if a notice contains sufficient information, it must still be "presented to the governing body of said district," and the failure to do so "is a fatal defect mandating dismissal of th[e] action." *Parochial Bus Systems, Inc.*, 60 N.Y.2d 539, at 548. "The statutory prerequisite is not satisfied by presentment to any other individual or body, and,

moreover, the statute permits no exception regardless of whether the Board had actual knowledge of the claim or failed to demonstrate actual prejudice." *Id*.

"Where a plaintiff fails to file a notice of claim prior to bringing suit against a school district, 'federal district courts in this circuit have held that subject matter jurisdiction is lacking.'" *Farrell v. Smithtown Union Free Sch. Dist.*, No. 20-CV-0450 (JMA) (AYS), 2022 WL 687124, at *4 (E.D.N.Y. Jan. 12, 2022), *report and recommendation adopted*, 2022 WL 420435 (Feb. 11, 2022) (quoting *Shums v. New York City Dep't of Educ.*, No. 04-CV-4589, 2006 WL 843471, at *7 (E.D.N.Y. Mar. 31, 2006) (citing cases)).

Here, Plaintiff's First Amended Complaint (and, for that matter, proposed Second Amended Complaint) lacks any allegation that Plaintiff served Defendant with a notice of claim for his state law claims prior to bringing suit.  New York law requires that a plaintiff plead and prove compliance with [New York] Education Law § 3813's notice of claim . . . requirement[ ]." *Edwards v. Jericho Union Free Sch. Dist.*, 904 F. Supp. 2d 294, 302 (E.D.N.Y. 2012) (citation omitted).  "It is black-letter law that state law claims may not be brought against a school district without first filing a notice of claim." *Farrell*, 2022 WL 687124, at *4.  Indeed, Plaintiff only asserts that "the New York City Human Rights Commission and the Corporation Counsel of the City of New York" were served "with a draft of the amended complaint."  FAC ¶ 71.  That is not enough.  Plaintiff failed to allege that "the governing body of the district" was served with a notice of claim in compliance with Section 3813(1).  This "failure is a fatal defect requiring dismissal." *See Gehlaut v. New York City Dep't of Educ.*, No. 22-CV- 7862, 2024 WL 456822, at *7 (E.D.N.Y. Feb. 6, 2024) (Donnelly, J.) (citing *Bender v. N.Y.C. Health & Hosps. Corp.*, 345 N.E.2d 561, 563 (N.Y. 1976)).

But even in the event that the Court determines that it has subject matter jurisdiction over the NYCHRL claims, several other issues remain.   First, Defendant argues that Plaintiff's NYCHRL claims are barred by the statute of limitations.  *See* Def. Mem. at 13–14.  An NYCHRL claim against an educational institution is subject to a one-year statute of limitations.  *Konteye v. N.Y.C. Dep't of Educ.*, No. 17-CV-2876 (GBD) (RWL), 2019 WL 4418647, at *10 (S.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 3229068 (July 18, 2019) (citing N.Y. Educ. Law § 3813(2-b)).  The 288-day tolling provision of the executive orders 9 NYCRR 8.202.8, 8.202.67, enacted in March 2020 and October 2020, respectively, by then-Governor Andrew Cuomo in response to the COVID-19 pandemic, imposes a toll of the filing deadlines applicable to litigation in New York State courts.  *Brash v. Richards*, 195 A.D.3d 582, 582 (2d Dep't 2021); *see Murphy v. Harris*, 210 A.D.3d 410, 411 (1st Dep't 2022).   Here, Plaintiff brought the NYCHRL claims for the first time on January 26, 2022.  Dkt. No. 10 ¶¶ 63-72.  One year and 288 days prior to January 26, 2022 is April 13, 2020.  Therefore, it does not appear that Plaintiff can proceed on claims that accrued before April 13, 2020.

Moreover, even assuming, *arguendo*, that Plaintiff had complied with the notice requirements and that the claims are timely, the First Amended Complaint and the proposed Second Amended Complaint fail to allege any specific facts to establish facial plausibility regarding Plaintiff's NYCHRL claim.  "While 'detailed factual allegations' are not required, '[a] pleading that offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Mann v. Laroque*, No. 23-CV-8237 (GRB) (AYS), 2024 WL 640078, at *2 (E.D.N.Y. Feb. 15, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Count One of Plaintiff's First Amended Complaint and proposed Second Amended Complaint offers, as Defendant points out, "a scattershot collage of various sections of NYCHRL, unsupported legal

conclusions, and various citations to non-probative case law that facially fails to give notice of the nature of the claims."  Def. Mem. at 17.

The undersigned therefore respectfully recommends that the Court grant Defendant's Cross-Motion for judgment dismissing the NYCHRL individual and class claims.

### C.    Plaintiff Fails to State a Violation of his Due Process Rights

Plaintiff brings a Section 1983[5] claim arising out of Defendant's alleged deprivation of T.T.'s property without due process.  FAC ¶¶ 73-80.[6]

"The Second Circuit has held that 'while there is no federal constitutional right to an education, New York State's education laws 'create a property interest in education protected by the Fourteenth Amendment.'" *Patrick v. Success Acad. Charter Sch., Inc.*, 354 F. Supp. 3d 185, 211 (E.D.N.Y. 2018) (quoting *Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006)).  "The Second Circuit has found that Article 11, Section 1 of the New York Constitution "does not appear . . . alone [to] give[ ] rise" to a legitimate claim of entitlement to a public education, but that New York Education Law Section 3202(1) does so for children" of T.T.'s age.  *S.C. v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-1672 (CS), 2012 WL 2940020, at *6 (S.D.N.Y. July 18, 2012) (citing *Handberry*, 446 F.3d at 353; *see also Saggio v. Sprady*, 475 F. Supp. 2d 203, 210 (E.D.N.Y.2007) (New York Education Law Section 3202(1) establishes a right to public education).

---

[5] While Section 1983 does not create substantive rights, it does provide "a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citation omitted).  To prevail on a claim arising under 42 U.S.C. § 1983, a plaintiff must demonstrate: "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011) (citing 42 U.S.C. § 1983).

[6] Federal constitutional claims brought against the New York City Department of Education are treated as claims against the City of New York.  *See, e.g., Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 16 (2d Cir. 2013); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

T.T. has a property interest in a public education protected by the Fourteenth Amendment—"meaning that he could not have been deprived of that right without due process of law." *Horton v. Bd. of Educ. of Sherburne-Earlville Cent. Sch. Dist.*, No. 5:17-CV-45 (MAD) (ATB), 2017 WL 1437186, at *3 (N.D.N.Y. Apr. 21, 2017); *see also C.T. v. Valley Stream Union Free Sch. Dist.*, 201 F.Supp.3d 307, 317-18 (E.D.N.Y. 2016) (same). Plaintiff, however, has not plausibly pled a municipal liability claim related to this alleged constitutional violation, and thus, Plaintiff's due process claim is subject to dismissal.

"Pursuant to the Supreme Court's holding in *Monell v. Dep't of Soc. Servs. . . .* , a municipal entity, like the Defendant in this case, may be held liable under [Section] 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal 'policy or custom.'" *Reyes v. Cnty. of Suffolk*, 995 F. Supp. 2d 215, 224 (E.D.N.Y. 2014) (quoting 436 U.S. 658, 694 (1978)). In order to impose liability, a plaintiff must "show two basic elements: (1) 'the existence of a municipal policy or custom . . .' and (2) 'a causal connection—an affirmative link— between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 F. App'x. 36, 38 (2d Cir. 2011) (summary order) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). "A school district's liability under *Monell* may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a final policymaker." *Hurdle v. Board of Education of City of New York*, 113 F. App'x. 423, 424–25 (2d Cir. 2004) (summary order) (quotation marks omitted).

Here, Plaintiff alleges that Defendant deprived T.T. of property without due process by failing to provide compensatory education for class instruction missed during the COVID-19

closures.  FAC ¶¶ 74-77.  Plaintiff further takes issue with the IHOs' decisions that T.T.'s administrative claims regarding the 2019/2020 school year were barred by *res judicata*.  FAC ¶ 45–57.  But Plaintiff fails to allege the existence of any DOE "policy or custom" of denying compensatory education.[7]  Nor has Plaintiff alleged that any such denial of compensatory education "was so persistent or widespread as to constitute a custom or usage with the force of law."  *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015).  Rather, the determination not to award T.T. compensatory education was made through a series of fact-specific administrative inquiries and decisions.  *See* FAC ¶¶ 16-21, 31-42.

Additionally, Plaintiff does not allege that any DOE employee was acting as a municipality policymaker.  *See Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (plaintiff may only hold a municipality liable for a single decision by a municipality policymaker where plaintiff shows "that the official had final policymaking authority"); *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.").  Thus, Plaintiff has not sufficiently alleged a claim of municipal liability under Section 1983.  *See Rivera v. Bloomberg*, No. 11-CV-4325 (PGG), 2012 WL 3655830, at *12 (S.D.N.Y. Aug. 27, 2012) ("Plaintiffs have not pled facts demonstrating that there is an official policy authorizing, sanctioning, encouraging, or promoting the alleged unconstitutional conditions."); *Chioke v. Dep't of Educ. of City of New York*, No. 15-CV-01845 (ERK) (CLP), 2018

---

[7] The proposed Second Amended Complaint generally states that the Plaintiff was a "victim[] of a common policy or plan that violated the law."  SAC, at 3.  No such allegation is included in the First Amended Complaint.  In any event, a vague and conclusory statement that some policy exists is not sufficient to state a claim under Section 1983.  *See Hall v. Cnty. of Ontario*, No. 14-CV-6059-FPG, 2015 WL 1458674, at *7 (W.D.N.Y. Mar. 30, 2015) (quotation marks omitted) ("*Monell* claim cannot survive a motion to dismiss if it is grounded solely on the conclusory assertions of the plaintiff.").

WL 3118268, at *15 (E.D.N.Y. June 25, 2018) ("[E]ven had Chioke sued the DOE under § 1983 . . . the DOE would be immune from suit under [*Monell*]).

The undersigned therefore respectfully recommends that the Court grant Defendant's motion for judgment dismissing the Section 1983 due process claim.

### D.      Plaintiff Fails to State a Claim under the ADA and Rehabilitation Act

Plaintiff brings claims for violations of the ADA and Section 504 of the Rehabilitation Act of the Rehabilitation Act (together, the "Acts") arising out of alleged discrimination against T.T. FAC ¶¶ 87-94.[8]   Defendant argues that Plaintiff has failed to sufficiently allege that the DOE discriminated against T.T. and acted with the requisite bad faith or gross misjudgment to state a claim under the Acts.  Def. Mem. at 35-38.

Generally, the Acts are subject to the same standards.  *Harris v. Mills*, 572 F.3d 66, 73–74 (2d Cir. 2009).  "Under both statutes, schools are required to provide a free appropriate public education through special education and related services."  *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 231 (E.D.N.Y. 2015).  For a plaintiff to establish a *prima facie* violation under these Acts, the plaintiff:

> must demonstrate (1) that [he] is a qualified individual with a disability; (2) that the defendant[] [is] subject to one of the Acts; and (3) that [he] was denied the opportunity to participate in or benefit from defendant[']s services, programs, or

---

[8] "Though there are minor differences between the ADA and the Rehabilitation Act, courts regularly analyze claims under both identically and simultaneously." *Killoran v. Westhampton Beach UFSD*, No. 19-CV-3298 (JS) (SIL), 2020 WL 4740498, at *7 (E.D.N.Y. June 24, 2020), *report and recommendation adopted*, 2020 WL 4743189 (E.D.N.Y. July 27, 2020) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ("[T]here are subtle differences between [the Acts] . . . [and] unless one of those subtle distinctions is pertinent to a particular case, we treat claims under those two statutes identically.") (internal quotation marks and citations omitted); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 113 (2d Cir. 2001) (noting that Rehabilitation Act and ADA "offer essentially the same protections for people with disabilities")).

activities, or was otherwise discriminated against by defendant[], by reason of [his] disability.

*Id.*   Denial of "the opportunity to participate in or benefit from defendants' services" does not require that the student be physically prevented from access: "[r]ather, a plaintiff must establish [] harassment [by] students that is so severe, pervasive, and objectively offensive, and that so undermines and distracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Id.* (citing *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 650-51 (1999)).   To support a claim of discrimination under the Acts, Plaintiff must "plausibly assert that (1) [he] [was] treated differently from other similarly-situated individuals and (2) such selective treatment was based on impermissible considerations . . . ."   *Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 15 (2d Cir. 2013) (summary order).

Discrimination can include the failure to provide a reasonable accommodation.   *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004) ("In short, the Rehabilitation Act and Titles II and III of the ADA prohibit discrimination against qualified disabled individuals by requiring that they receive 'reasonable accommodations' that permit them to have access to and take a meaningful part in public services and public accommodations."), *opinion corrected*, 511 F.3d 238 (2d Cir. 2004); *Bahl v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14-CV-4020, 2023 WL 4673007, at *5 (E.D.N.Y. July 21, 2023) ("Under the third prong, an educational institution may be found liable if it fails to offer reasonable accommodations for a student's known disability unless the accommodation would impose an undue hardship on the operation of its program, or fundamentally alter the nature of the service, program, or activity.").

In the special education context, an ADA or Section 504 claim "may be predicated on the claim that a disabled student was denied access to a free appropriate education, as compared to the

free appropriate education non-disabled students receive." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 841 (2d Cir. 2014) (citations omitted).

Plaintiff alleges that T.T. is a qualified individual with a disability, that Defendant is subject to the Acts, and that T.T. "was denied the opportunity to participate in or benefit from [D]efendant[']s[] services, programs, or activities, or was otherwise discriminated against by defendant[], by reason of [T.T.'s] disabilities." FAC ¶ 91.  Plaintiff further alleges that "[b]y denying T.T. compensatory education, the [Defendant] failed to accommodate a disability."  FAC ¶ 92.

Defendant does not appear to dispute that T.T. is a qualified individual with a disability or that Defendant is subject to the Acts.  Rather, Defendant argues that Plaintiff has not adequately pled that any discrimination took place, let alone by reason of T.T.'s disability.  Def. Mem. at 36-38.  Defendant is correct: Plaintiff's conclusory allegations are not sufficient to support a claim of discrimination under the Acts.  *See Horelick v. Lamont*, No. 21-CV-1431 (MPS), 2023 WL 5802727, at *7 (D. Conn. Sept. 7, 2023) (dismissing disability discrimination claim where allegations were conclusory and thus not plausibly pled).  Plaintiff has not alleged any facts that suggest that T.T. was purposefully treated differently than other similarly situated parties, or that he is even aware of any other students similarly situated to T.T., with disabilities and prior pendency orders, who were denied compensatory education.  As Defendant observes, "[t]he hours of missed instruction for which the Complaint seeks compensatory relief are predicated on the closure of New York City schools by order of the governor due to the COVID-19 pandemic, which was equally applicable to all students, disabled and non-disabled, and resulted in equally missed instruction by all students."  Def. Mem. at 37; *see Killoran*, 2020 WL 4740498, at *8 ("Neither the ADA nor the Rehabilitation Act require a school 'to provide students with disabilities with

potential-maximizing education,' but rather 'only reasonable accommodations that give those students the same access to the benefits of a public education as all other students.'") (citations omitted).

Finally, while Plaintiff's assertion that the IHO "exhibited unfairness" and made errors in denying T.T.'s request for compensatory education (FAC ¶¶ 35-44), which may amount to an allegation of bad faith or gross misjudgment. *See, e.g., Horelick*, 2023 WL 5802727, at *8 ("Plaintiffs do not, for example, allege that Defendants actively misled them."). Rather, Plaintiff recognizes that the IHO's denial of additional compensatory education for the pandemic-related school closures was based on a finding of *res judicata*. FAC ¶ 46.

Accordingly, Plaintiff has not sufficiently pled a discrimination claim. *See Wenger v. Canastota Cent. Sch. Dist.*, 979 F. Supp. 147, 152 (N.D.N.Y. 1997), *aff'd*, 181 F.3d 84 (2d Cir. 1999), *and aff'd*, 208 F.3d 204 (2d Cir. 2000) (dismissing plaintiffs' claim of disability discrimination where plaintiffs failed to show that defendant acted in bad faith or gross misjudgment in making "IDEA-type educational decisions").

The undersigned therefore respectfully recommends that the Court grant Defendant's motion for judgment dismissing the ADA and Rehabilitation Act claims.

## III.    Plaintiff's Motion for Leave to Amend

### A.    Legal Standards

Under Fed. R. Civ. P 15, which governs motions to amend pleadings, "[i]t is 'within the sound discretion of the district court to grant or deny leave to amend.'" *Hart v. Suffolk Cnty.*, No. 17-CV-5067 (JS) (SIL), 2020 WL 4738243, at *2 (E.D.N.Y. Aug. 15, 2020) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "Motions to add parties are governed by Fed. Civ. P. 21 and are afforded the 'same standard of liberality afforded to motions

to amend pleadings under Rule 15.'" *Essani v. Earley*, No. 13-CV-3424 (JMA) (SIL), 2018 WL 3785109, at *4 (E.D.N.Y. Aug. 9, 2018) (quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011)), *report and recommendation adopted*, 2018 WL 4100483 (Aug. 28, 2018); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

In general, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Ghaly v. Nissan Motor Acceptance Corp.*, No. 21-CV-1613 (JS) (JMW), 2021 WL 2550389, at *1 (E.D.N.Y. June 22, 2021) (quotation marks omitted); *see also Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (explaining that leave to amend pleadings under Fed. R. Civ. P. 15 shall only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In determining futility, the test is whether "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Before applying this test, however, the Court notes that it is well-established in the Second Circuit that "[t]he burden of proving futility rests on the party opposing the amendment." *Eliya, Inc. v. Steven Madden, Ltd.*, No. 15-CV-01272 (DRH) (SIL), 2017 WL 8794774, at *5 (E.D.N.Y. Feb. 2, 2017), *report and recommendation adopted*, 2017 WL 1190943 (E.D.N.Y. Mar. 30, 2017); *Zuppardi's Appizza, Inc. v. Tony Zuppardi's Appiza, LLC*, No. 3:10-CV-1363, 2012 WL 1067652, at *1 (D. Conn. Mar. 30, 2012); *see Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d

264, 270 (W.D.N.Y. 2015) ("In sum, [the opposing party] has failed to meet its burden to demonstrate that an amendment would be futile...."); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-CV-1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation marks omitted) (holding that when a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief"); *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) ("The party opposing such amendment has the burden of establishing that leave to amend would be prejudicial or futile."); *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998) ("The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.").  Courts typically consider amendments futile "if the proposed claim would fail to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilson v. City of New York*, No. 18-CV-7301 (AMD) (LB), 2019 WL 4248470, at *1 (E.D.N.Y. July 11, 2019) (citing *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

### B.    The Proposed Amendments are Futile

Here, Plaintiff seeks to add nine individuals as plaintiffs to the Second Amended Complaint, alleging claims under the NYCHRL.  SAC ¶¶ 2, 66–74.  As discussed herein, the proposed plaintiffs' claims are futile.

As an initial matter, Plaintiff cannot represent both T.T. in a *pro se* capacity and also the proposed class.  It is well settled that a *pro se* plaintiff may not represent the interests of third parties.  *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("A person must be litigating an interest personal to him."); *see also Chapman v. United States Dep't of Just.*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (*sua sponte* dismissing claim as frivolous where "[p]laintiff [wa]s proceeding pro se and cannot bring a class action on behalf of others"); *Garcia v. City of New York*, No. 15-

CV-7470 (ER), 2017 WL 1169640, at *5 (S.D.N.Y. Mar. 28, 2017) (denying class certification where pro se plaintiff attempted to bring class claim). This is true even though Plaintiff is an attorney. *See Jaffe v. Capital One Bank*, No. 09-CV-4106, 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010) ("[A] *pro se* plaintiff [and attorney] may not bring an action in which he will serve as both class representative and class counsel."); 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.25 (3d ed. 2010) ("[A] *pro se* class representative cannot adequately represent the interests of other class members. Moreover . . . an attorney may not bring a class action pro se because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest."). Plaintiff provides no explanation as to how he would be able to represent these additional plaintiffs given his *pro se* capacity, nor has putative class counsel appeared in this case.

In any event, the proposed Second Amended Complaint provides almost no information regarding the nine additional plaintiffs, aside from stating that they are the "parents of [New York City] children with disabilities" who missed school during the pandemic. SAC ¶¶ 1, 2. Plaintiff alleges that "[f]or hours of instructions the[] students missed during the pandemic, the [DOE] provided no compensatory education" and that "all plaintiffs were victims of a common policy or plan that violated the law." SAC ¶ 3. The proposed Second Amended Complaint is supplemented only by purported Individualized Educational Plans ("IEPs") of two of the newly-named students (SAC ¶ 2, Exs. A, B)[9] and declarations of five of the individuals seeking to join the action. Dkt. Nos. 45–47, 52–53. The declarations state that each individual is the parent of a child with a

---

[9] Upon review of these exhibits, which contain redactions of all parent and student names, the Court is unable to discern to which proposed plaintiff each of the IEPs pertain.

disability residing in New York City, that the DOE "issued to [the child] an IEP," and that "from March 20, 2020 to June 30, 2020, [the child] missed hours of instruction."  *Id.*

Taken together, these allegations fall well below what is required to plead violations of the NYCHRL.  The proposed plaintiffs do not allege that Defendant treated their children "less well," or even differently, than other students by failing to provide compensatory education for missed hours of classroom instruction.  Nor have the proposed plaintiffs alleged that any such failure was "because of" their disabilities.  *See Rosen v. N.Y.C. Dep't of Educ.*, No. 18-CV-6670 (AT), 2019 WL 4039958, at *9 (S.D.N.Y. Aug. 27, 2019) (dismissing discrimination claim where plaintiff failed to allege that she received unequal treatment because of an alleged disability).  In addition, as discussed herein, the Court lacks subject matter jurisdiction over and respectfully recommends dismissal of the NYCHRL claims.[10]  And, as set forth above, the undersigned respectfully recommends dismissal of Plaintiff's NYCHRL, due process, and ADA/Rehabilitation Act claims.

The undersigned does, however, recommend that Plaintiff be permitted to amend the complaint to withdraw his NYSHRL claim.  SAC at 25.

Accordingly, as the proposed plaintiffs' claims are futile, the undersigned respectfully recommends denying Plaintiff's motion to amend, except to allow Plaintiff to withdraw his NYSHRL claim.

## IV.  <u>Conclusion</u>

Accordingly, the undersigned respectfully recommends that the Cross-Motion for Judgment on the Pleadings be **GRANTED** and that Plaintiff's Motion for Leave to Amend the Complaint be **GRANTED IN PART AND DENIED IN PART**.

---

[10] Plaintiff also appears to seek the addition of the nine proposed plaintiffs, along with Chen for A.D., as named class plaintiffs.  *See* Dkt. No. 44-2 at 6; Dkt. No. 67 ¶ 8.  This request is likewise denied given the Court's lack of subject matter jurisdiction over the class claim, and thus the futility of such an amendment.

Should the Court adopt this Report and Recommendation, the only remaining claim will be Plaintiff's IDEA claim (Count 3 of the First Amended Complaint).  To that end, a discovery conference shall be scheduled for March 20, 2024 at 2:30 p.m. in Courtroom 324 North before the undersigned.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Donnelly.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

### SO ORDERED.

Dated:      Brooklyn, New York
            February 21, 2024

                            */s/ Joseph A. Marutollo*
                            JOSEPH A. MARUTOLLO
                            United States Magistrate Judge