UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**JERRY TOTH**, individually and on behalf of T.T.,
:
                              Plaintiff,
:   **MEMORANDUM DECISION AND ORDER**
                – against –
:   21-CV-4245 (AMD) (JAM)
:
**NEW YORK CITY DEPARTMENT OF EDUCATION**,
:
:
                              Defendant.
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 14, 2023, then-Magistrate Judge Ramon E. Reyes[1] granted a stay of discovery pending resolution of the plaintiff's motion to amend and the defendant's cross-motion for partial dismissal on the pleadings. Before the Court are the plaintiff's objections to that decision, pursuant to Federal Rule of Civil Procedure 72(a). For the reasons explained below, the Court finds no basis on which to set aside Judge Reyes's order, and the plaintiff's objections are overruled.

### BACKGROUND

Familiarity with the facts is assumed. (*See generally* ECF No. 27 at 1–5 (detailing the factual background of this case).) The plaintiff commenced this action individually and on behalf of his minor child, T.T., against the New York City Department of Education, alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. (*See* ECF No. 1.) The Court granted the plaintiff leave to amend the complaint to allege

---

[1] Judge Reyes was sworn in as a United States District Judge on November 14, 2023, and the case was reassigned to Magistrate Judge Joseph Marutollo.

violations of due process under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*, as well as a violation of a prior pendency order. (*See* ECF No. 11-1; *ECF Order dated Mar. 21, 2022*.) On January 5, 2023, the Court denied the defendant's motion to dismiss the amended complaint for failure to state a claim. (*See* ECF No. 27.)

On July 1, 2023, the plaintiff moved for leave to amend the complaint again; he seeks to add nine plaintiffs and a proposed class claim under the NYCHRL. (ECF No. 44.) The plaintiff also filed a proposed Second Amended Complaint. (*Id.*)

While the motion to amend was pending, the plaintiff filed a motion for discovery related to the proposed class claim. (*See* ECF No. 54.) The defendant opposed, because it planned to file a cross-motion for partial judgment on the pleadings as part of its opposition to the motion to amend. (ECF No. 57.) The defendant requested that discovery be stayed pending decisions on the motion to amend and anticipated cross-motion for partial judgment on the pleadings. (*Id.*)

In a September 14, 2023 Minute Order and Entry,[2] Judge Reyes ordered that discovery could proceed "solely on [T.T.'s] individual claims," but that "class discovery is stayed pending resolution of [the] plaintiff's motion to amend the first amended complaint to add additional plaintiff[s] and class claims." (*See ECF Minute Order and Entry dated Sept. 14, 2023.*)

The plaintiff filed Rule 72(a) objections on September 18, 2023. (ECF No. 60.) The defendant opposes. (ECF No. 65.)[3]

---

[2] Judge Reyes had a conference with the parties on September 13, 2024.

[3] On October 2, 2023, the defendant filed its opposition to the motion to amend and a cross-motion for partial judgment on the pleadings. The defendant asked the Court to dismiss all of the plaintiff's claims

## LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure, which governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings, provides that "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed, and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Storms v. United States*, No. 13-CV-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)); *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and quotation omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotations and citations omitted). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

## DISCUSSION

Judge Reyes's decision to stay discovery pending resolution of the motion to amend and the cross-motion for partial judgment on the pleadings was not erroneous or contrary to law. A

---

except for the IDEA claims. (ECF Nos. 63, 64.) The Court referred the cross-motion to Judge Reyes. (*ECF Order dated Oct. 18, 2023.*)

3

district court has discretion under Rule 26(c) to stay discovery pending the determination of dispositive motions.  *See Levy v. BASF Metals Ltd.*, 755 F. App'x 29, 31 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 536 (2019) (holding that the district court did not abuse its discretion in staying discovery pending a motion to dismiss).  In evaluating whether to grant a stay, courts consider (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay.  *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see also Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).

When Judge Reyes granted the stay, there was a pending motion to amend, and the defendant told him that it planned to file a cross-motion for partial judgment on the pleadings.[4]  A motion to amend can be dispositive if a court denies it.  *See AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21-CV-4550, 2024 WL 379952, at *1 (S.D.N.Y. Feb. 1, 2024); *see also Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020).[5]  And a motion for judgment on the pleadings is always dispositive. *See Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (citations omitted). Accordingly, when Judge Reyes granted the stay, the defendant's dispositive motion was imminent, and there was a pending motion that could be dispositive depending on its outcome.

In addition, the strength of the anticipated cross-motion weighed in favor of granting a stay.  *Pinnacle Performance Ltd.*, 297 F.R.D. at 72.  The defendant argued persuasively that the plaintiffs' class claims were unlikely to survive the cross-motion for judgment on the pleadings.

---

[4] The defendant filed the cross-motion a little over two weeks after Judge Reyes ordered that discovery be stayed.  (*See* ECF No. 63.)

[5] For this reason, the plaintiff's claim that a motion to amend is "not a dispositive motion" is not correct.  (ECF No. 60-1 at 11.)

For example, the defendant argued that the proposed Second Amended Complaint did not allege specific facts sufficient to state a claim, and that, in any event, the plaintiff's proposed NYCHRL class claims were likely time-barred. (*See* ECF No. 57 at 1–4.)

Moreover, the breadth of the discovery the plaintiff sought and the burden of responding to it supported granting a stay. As the defendant explained in its letter requesting the stay, the plaintiff's "requests for class discovery . . . would be expensive [and] burdensome." (ECF No. 57 at 3.) This was especially significant because the plaintiff's class claims had not yet been "tested by dispositive motions." (ECF No. 57 at 3.)

In addition, the risk of prejudice to the plaintiff was minimal at best. (*See* ECF Nos. 8, 60-1.) As the defendants point out, if the Court grants the plaintiff's motion and denies the defendants' cross-motion, discovery would "be no different after the motion to dismiss is decided than it would be today" because "[i]n the brief amount of time [needed to rule on the underlying motions], no files will be lost, and memories are not likely to fade as a result." (*Id.* at 3.)

The plaintiff's objections to Judge Reyes's ruling are unpersuasive. Judge Reyes did not, as the plaintiff asserts, "litigate the issue of class certification" or "implicitly approve[]" the defendant's arguments. (*See* ECF No. 60-1 at 10.) Nor did Judge Reyes "rule on whether DOE stated a meritorious claim to dismiss the class action," or "exceed[ ] his authority" by "crediting baseless arguments" about the "statute of limitations defense." (*Id.* at 11, 13.) Rather, Judge Reyes evaluated the relevant factors — the nature of the proposed discovery, the burden of responding to it, the merits of the underlying motion, and the risk of prejudice to the party opposing the stay — and correctly determined that a stay was warranted.

The plaintiff's next objection — that Judge Reyes "stated [that the] plaintiffs moved to 'add . . . class claims,'" when the plaintiffs "moved to add additional plaintiffs" — does not identify any error. (ECF No. 60-1 at 8.) Judge Reyes ordered that "class discovery is stayed pending resolution of plaintiffs motion to amend the first amended complaint to add additional plaintiff[s] and class claims." (*See ECF Minute Order and Entry dated Sept. 14, 2023.*)

Finally, Judge Reyes did not "prevent[ a] deposition." (ECF No. 60-1 at 14.) He denied a stay with respect to the claims specific to T.T. and granted a stay with respect to class discovery pending resolution of the motion and cross-motion.

Accordingly, there was no error, much less a clear error, in Judge Reyes's decision to grant a stay of discovery pending resolution of the motion and cross-motion.

## CONCLUSION

For these reasons, the Court finds no basis on which to set aside Judge Reyes's decision to grant a stay of class discovery pending resolution of the motion to amend and cross-motion for judgment on the pleadings in this matter. The plaintiff's objections are overruled.

**SO ORDERED.**

                                                  s/Ann M. Donnelly  
                                                  ANN M. DONNELLY  
                                                  United States District Judge

Dated: Brooklyn, New York  
        July 26, 2024