UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                          :

**JERRY TOTH**, individually and on behalf of T.T.,  :

                                         :

                      Plaintiff,       :   **MEMORANDUM DECISION AND**
                                              **ORDER**

          – against –            :   21-CV-4245 (AMD) (JAM)

                                         :

**NEW YORK CITY DEPARTMENT OF**
**EDUCATION**,                         :

                                         :

                    Defendant.      :

------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court are the parties' objections to the Honorable Joseph A. Marutollo's

February 21, 2024 report and recommendation.  For the reasons that follow, I adopt the report

and recommendations subject to the modifications discussed below.

## BACKGROUND

      Familiarity with the facts is assumed.  (*See generally* ECF No. 27 at 1–5 (detailing the

factual background of this case).)  The plaintiff commenced this action individually and on

behalf of his minor child against the New York City Department of Education, alleging

violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et*

*seq*.  (*See* ECF No. 1.)  Then-Magistrate Judge Ramon E. Reyes[1] granted the plaintiff leave to

amend the complaint to allege violations of a prior pendency order, due process violations under

42 U.S.C. § 1983, violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§

12101 *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a, the New York State

---

[1] Judge Reyes was sworn in as a United States District Judge on November 14, 2023, and the case was
  reassigned to Magistrate Judge Marutollo.

Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*.  (*See* ECF No. 11-1; *ECF Order dated Mar. 21, 2022*.)  On January 5, 2023, the Court denied the defendant's motion to dismiss the First Amended Complaint ("FAC") for failure to state a claim.  (*See* ECF No. 27.)

On July 1, 2023, the plaintiff moved again for leave to amend, and filed a proposed Second Amended Complaint ("SAC").  (ECF No. 44.)  The plaintiff seeks to add nine additional plaintiffs — parents of minor children with disabilities who missed school from March through June 2020 because of pandemic school closures.  (*Id.*; *see* ECF No. 44-1.)  In the proposed SAC, the plaintiff seeks an injunction under Federal Rule of Civil Procedure 23(b)(2) and the NYCHRL ordering the defendant to provide compensatory education to "New York City's children with disabilities."  (*See* ECF No. 44-1 at 26 (Request for Relief).)  The SAC also brings claims specific to T.T. only under the IDEA, § 1983, the ADA and the Rehabilitation Act.  (*Id.*)

The defendant cross-moved for partial judgment on the pleadings, seeking dismissal of all claims except the IDEA claims.  (ECF Nos. 63, 64.)  The Court referred the cross-motion to Judge Reyes.  (*ECF Order dated Oct. 18, 2023.*)

In a February 21, 2024 report and recommendation, Magistrate Judge Marutollo recommended that the Court grant the defendant's cross-motion for partial judgment on the pleadings and grant in part and deny in part the plaintiff's motion for leave to amend the FAC. (ECF No. 74.)  Both sides filed timely objections to the report and recommendation.  (*See* ECF Nos. 79, 80.)

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  A party's objections must be specific; where a party "makes only

conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R & R] only for clear error." *Pall Corp. v. Entegris, Inc*., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections de novo and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a de novo review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

### I.  Meritless Objections

#### a.  Facial Plausibility of the NYCHRL Claims

Judge Marutollo recommended that the Court grant the defendant's cross-motion because the plaintiff's FAC and SAC did not plausibly allege a NYCHRL claim. (ECF No. 74 at 10–11.) Judge Marutollo concluded that the FAC and SAC did not plausibly allege a NYCHRL claim because the complaints present "a scattershot collage of various sections of NYCHRL, unsupported legal conclusions, and various citations to non-probative case law that facially fail[] to give notice of the nature of the claims." (*Id*.) The plaintiff objects to Judge Marutollo's finding that the plaintiffs "'fail to allege any specific facts to establish facial plausibility

regarding Plaintiffs' NYCHRL claim.'" (ECF No. 80 at 2.) The plaintiff argues that "at all times the Plaintiffs have based their claims on facts, evidence and testimony." (ECF No. 80 at 2.)

The plaintiff does not explain why he believes that Judge Marutollo was mistaken; he merely states his general disagreement with the decision and reiterates arguments already made. (*See* ECF No. 70 at 15, 18, 39 & n.5 (the plaintiff's opposition to the defendant's cross-motion for judgment on the pleadings).) Accordingly, the Court reviews this objection for clear error. *See Entegris*, 249 F.R.D. at 51. The Court has reviewed Judge Marutollo's recommendation and finds no error. Therefore, the Court adopt Judge Marutollo's recommendation to grant the defendant's cross motion.[2]

### b.    *Monell* Claim

The plaintiff objects to Judge Marutollo's recommendation that the Court dismiss the plaintiff's Section 1983 claim for failure to state a claim under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). (*See* ECF No. 80 at 11–16.)

"[W]hile there is no federal constitutional right to an education, New York State's education laws create a property interest in education protected by the Fourteenth Amendment." *Patrick v. Success Acad. Charter Sch., Inc.*, 354 F. Supp. 3d 185, 211 (E.D.N.Y. 2018) (quoting *Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006)). An individual cannot be deprived of that right without due process of law. *See Horton v. Bd. of Educ. of Sherburne-Earlville Cent. Sch. Dist.*, No. 17-CV-45, 2017 WL 1437186, at *3 (N.D.N.Y. Apr. 21, 2017); *see also C.T. v. Valley Stream Union Free Sch. Dist.*, 201 F. Supp. 3d 307, 317–18 (E.D.N.Y. 2016).

---

[2] Judge Marutollo also recommends that the plaintiff be permitted to amend the complaint only to withdraw his NYSHRL claim. Neither party objects to that recommendation, and the Court finds no error in this recommendation.

Under *Monell*, a municipal entity like the defendant "may be held liable under [Section] 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal 'policy or custom.'" *Reyes v. Cnty. of Suffolk*, 995 F. Supp. 2d 215, 224 (E.D.N.Y. 2014) (quoting *Monell*, 436 U.S. at 694). In order to impose liability, a plaintiff must "show two basic elements: (1) 'the existence of a municipal policy or custom . . .' and (2) 'a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 F. App'x 36, 38 (2d Cir. 2011) (summary order) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

The plaintiff alleges that the defendant deprived T.T. of his property interest in a public education without due process by failing to provide compensatory education for class instruction he missed during the COVID-19 closures. (*See* ECF No. 10 ¶¶ 74–77 (FAC).) Judge Marutollo recommends that the Court dismiss this claim because the "the determination not to award T.T. compensatory education was made through a series of fact-specific administrative inquiries and decisions" and the plaintiff does not allege that the defendant had a "'policy or custom' of denying compensatory education." (ECF No. 74 at 13.) In addition, Judge Marutollo recommends that the Court dismiss the plaintiff's *Monell* claim because the plaintiff "does not allege that any [defendant] employee was acting as a municipality policymaker." (*Id.*)

The plaintiff argues that the FAC and the proposed SAC "challenge a system wide policy violation" because the pleadings "do not limit themselves to T.T.'s individual claim" and they "address[] an issue of public policy." (ECF No. 80 at 13.) But the plaintiff does not allege the existence of any municipal policy or custom of denying compensatory education. Instead, he cites declarations of individuals who "attest[] that they are parents of children with disabilities, that their children missed instruction, [and] that DOE provided no compensatory instruction."

5

(*Id.* at 14.)  Merely alleging that other students missed instruction does not establish a policy or custom.  Indeed, if the defendant conducted fact-specific inquiries in the cases that the plaintiff cites, that would be evidence that there was no policy or custom.  Accordingly, the plaintiff cannot sustain a claim under *Monell.  See Reyes*, 995 F. Supp. 2d at 224 (citing *Monell*, 436 U.S. at 694).

The plaintiff also objects to Judge Marutollo's conclusion that the FAC and SAC fail to allege that any of the defendant's employees acted as a municipal policymaker.  According to the plaintiff, the defendant's counsel "express[ed] the nonsensical policies of [the defendant] decisionmakers," and "contrived insubstantial, nonsensical, . . . specious, pretexts to deny compensatory education;" and the plaintiff says that "[a]ttorneys follow directions from their clients."  (ECF No. 80 at 18–19.)  Lawyers representing their clients are not municipal policymakers merely because they represent a particular client.  Nor are a lawyer's arguments in support of a client's position evidence of a municipal policy or custom of denying compensatory education.

Accordingly, the plaintiff's objections are without merit, and the Court adopts Judge Marutollo's recommendation to dismiss the plaintiff's *Monell* claim.

### c.    Rehabilitation Act and ADA Claims

The plaintiff makes only general objections to Judge Marutollo's recommendation that the Court dismiss the plaintiff's Rehabilitation Act and ADA claims.  Accordingly, the Court reviews these objections for clear error.  (*Id.* at 19–24.)  *Williams v. Geraci*, No. 14-CV-5742, 2016 WL 7376969, at *5 (E.D.N.Y. Dec. 19, 2016).

Generally, the ADA and the Rehabilitation Act are subject to the same standards — "[u]nder both statutes, schools are required to provide a free appropriate public education through special education and related services."  *Eskenazi-McGibney v. Connetquot Cent. Sch.*

*Dist.*, 84 F. Supp. 3d 221, 231 (E.D.N.Y. 2015); *see Harris v. Mills*, 572 F.3d 66, 73–74 (2d Cir. 2009).  A plaintiff claiming a violation these statutes must demonstrate (1) that he is a qualified individual with a disability; (2) that the defendant is subject to one of the statutes; and (3) that he was denied the opportunity to participate in or benefit from defendant's services, programs, or activities, or was otherwise discriminated against by the defendant by reason of his disability. *See Eskenazi-McGibney*, 84 F. Supp. 3d at 231.  To support a claim of discrimination, the plaintiff must "plausibly assert that (1) [he] [was] treated differently from other similarly situated individuals and (2) such selective treatment was based on impermissible considerations." *Kajoshaj v. New York City Dep't of Educ.*, 543 F. App'x 11, 15 (2d Cir. 2013) (summary order).

The plaintiff alleges that T.T. is a qualified individual with a disability, that the defendant is subject to the Rehabilitation Act and the ADA, and that T.T. was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of T.T.'s disabilities.  (*See* ECF No. 10 ¶ 91 (FAC).)  The plaintiff also alleges that "[b]y denying T.T. compensatory education, the [defendant] failed to accommodate a disability."  (*Id.* ¶ 92.)

Judge Marutollo recommended that the Court dismiss the plaintiff's Rehabilitation Act and ADA claims because the plaintiff's "conclusory allegations are not sufficient to support a claim of discrimination under the Acts" and the plaintiff "has not alleged any facts that suggest that T.T. was purposefully treated differently than other similarly situated parties, or that he is even aware of any other students similarly situated to T.T., with disabilities and prior pendency orders, who were denied compensatory education."  (ECF No. 74 at 16.)

The plaintiff cites four paragraphs in the FAC.  (*See* ECF No. 80 at 19–24.)  The first is a statement that "[f]or handicapped students in T.T.'s category, a gap or disruption of schooling

7

causes regression." (ECF No. 10 ¶ 28.) The second is a statement from T.T.'s tutor that T.T. "cannot afford to miss school" and would "benefit a lot from these compensatory hours since he has missed a lot because of the pandemic." (*Id.* ¶ 19.) The next is a conclusory statement that "[t]he District's denial of compensatory education, a facially neutral policy or practice, produced a disparate impact on a protected group, children with disabilities." (*Id.* ¶ 67.) Finally, the plaintiff points to his claim that "[a] school closure can create an injury which may last for a child's entire life." (*Id.* ¶ 22.) None of these statements plausibly plead that the defendant treated T.T. differently from other similarly situated students based on his disability. *See Kajoshaj*, 543 F. App'x at 15.

The plaintiff also asserts that in denying T.T.'s request for compensatory education, the Impartial Hearing Officer ("IHO") "conduct[ed] a discriminatory hearing" by "discredit[ing] the parents by making them look unreasonable" and "willfully disregard[ing] professional evaluations of the student's educational needs." (ECF No. 80 at 22–24.) The plaintiff argues that this shows the defendant acted with bad faith or gross misjudgment. (*Id.*) As an initial matter, the plaintiff made this argument to Judge Marutollo, who considered and rejected it. (*See* ECF No. 74 at 17.) Thus, it is reviewed only for clear error.

As Judge Marutollo explained, the "[p]laintiff's assertion that the IHO 'exhibited unfairness' and made errors in denying T.T.'s request for compensatory education" is not relevant because as the "[p]laintiff recognizes," the "IHO's denial of additional compensatory education for the pandemic-related school closures was based on a finding of *res judicata*." (*Id.* (citing ECF No. 10 ¶ 46).) The Court finds no error in Judge Marutollo's analysis of this issue. *See Wenger v. Canastota Cent. Sch. Dist.*, 979 F. Supp. 147, 152 (N.D.N.Y. 1997) (dismissing

plaintiffs' claim of disability discrimination where plaintiffs failed to show that defendant acted in bad faith or gross misjudgment in making "IDEA-type educational decisions").

Accordingly, the Court adopts Judge Marutollo's recommendation to dismiss the plaintiff's Rehabilitation Act and ADA claims.

## II.    Modifications

### a.    Representation of the Proposed Class

The plaintiff objects to Judge Marutollo's recommendation that the plaintiff's motion to amend be denied, among other reasons, because the plaintiff "cannot represent both T.T. in a *pro se* capacity and also the proposed class" in asserting NYCHRL claims.  (ECF No. 74 at 19–20; *see* ECF No. 80 at 2.)  The plaintiff is now represented by counsel, so the report and recommendation is modified to reflect that the plaintiff's NYCHRL claims are not barred for this reason.  This modification, however, does not affect Judge Marutollo's ultimate recommendation that the Court deny the motion for leave to amend because the proposed NYCHRL claims are futile.  There is no error in Judge Marutollo's reasoned analysis in recommending that the Court deny the plaintiff's motion to amend, and I therefore adopt that recommendation.[3]

### b.    NYCHRL Statute of Limitations

The defendant raises one objection to the report and recommendation.  While the defendant agrees with Judge Marutollo's ultimate conclusion that the plaintiff's claims under the NYCHRL must be dismissed, the defendant asserts that Judge Marutollo "misapplie[d] the tolling provision of the executive orders 9 NYCRR 8.202.8, and 8.202.67" when he concluded that only the claims that accrued prior to April 13, 2020 are time-barred.  (ECF No. 79 at 2–3.)

---

[3] As stated above, the motion to amend is granted in part only to allow the plaintiff to withdraw his NYSHRL claim.

On March 20, 2020, then-Governor Andrew Cuomo issued Executive Order No. 202.8, which stated:

> I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 19, 2020 the following: In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020.

Government Cuomo subsequently issued nine additional executive orders — the last of which was issued on October 5, 2020, extending the tolling period through November 3, 2020.  *See Brash v. Richards*, 195 A.D.3d 582, 583–84 (2d Dep't 2021); 9 NYCRR 8.202.67.

The plaintiff first brought NYCHRL claims arising out of "missed classes from March 1, 2020 to June 30, 2020" in the FAC, which was filed on January 26, 2022.  (ECF No. 10 at 18.) These NYCHRL claims are subject to a one-year statute of limitations.  *See Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 249 (E.D.N.Y. 2012) ("Plaintiff's claims against the DOE under the NYSHRL and the NYCHRL are subject to the one year statute of limitations."), *aff'd*, 713 F.3d 163 (2d Cir. 2013).

Because of then-Governor Cuomo's executive orders, the plaintiff's NYCHRL claims arising out of missed classes from March 20, 2020 through June 30, 2020 were tolled, and the limitations period began to run after November 3, 2020.  *See Murphy v. Harris*, 210 A.D.3d 410, 411 (1st Dep't 2022) (applying the tolling executive orders to a statute of limitations on a wrongful death claim).  Accordingly, these NYCHRL claims were time-barred as of November

4, 2021.[4]  The plaintiff's January 26, 2022 amended complaint was filed months after that date.

All the plaintiff's NYCHRL claims are therefore time-barred.

Judge Marutollo concluded that only the claims that accrued before April 13, 2020 were

time-barred.  (ECF No. 74 at 10.)  In fact, all of the claims were untimely.  Judge Marutollo

made this recommendation in the alternative, so it was not dispositive.  In any event, the Court

modifies the disposition to reflect that all of the plaintiff's NYCHRL claims are time-barred.[5]

### c.      Notice-of-Claim Requirement

Under New York law § 3813, a plaintiff bringing state law claims against a school district

must first file a notice of claim and plead and prove compliance with the notice-of-claim

requirement.  *Edwards v. Jericho Union Free Sch. Dist.*, 904 F. Supp. 2d 294, 302 (E.D.N.Y.

2012) (citation omitted); *Farrell v. Smithtown Union Free Sch. Dist*., No. 20-CV-450, 2022 WL

687124, at *4 (E.D.N.Y. Jan. 12, 2022), *report and recommendation adopted*, 2022 WL 420435

(E.D.N.Y. Feb. 11, 2022).  However, the notice-of-claim requirement does not apply if the

plaintiff seeks only equitable relief or "commences a proceeding to vindicate a public interest."

*McGovern v. Mount Pleasant Cent. Sch. Dist*., 114 A.D.3d 795, 795 (2d Dep't 2014), *aff'd*, 12

N.Y.S.3d 11 (2015).

Judge Marutollo reasoned that the plaintiff's "fail[ure] to allege that 'the governing body

of the district' was served with a notice of claim in compliance with Section 3813(1)" was "a

---

[4] The statute of limitations for the NYCHRL claims based on missed classes from March 1, 2020 through March 19, 2020 — before then-Governor Cuomo issued his first tolling order — ran for one through nineteen days (i.e., one day for the claim arising out of March 19, 2020, to nineteen days for the claim arising out of March 1, 2020) before being tolled starting on March 20, 2020.  *See Murphy*, 210 A.D.3d at 411.  The statute of limitations began to run again for these claims on November 4, 2020.  *See id.* Accordingly, these NYCHRL claims were time-barred as of October 16, 2021 through November 3, 2021.

[5] The plaintiff also objects to Judge Marutollo's conclusion that some of his NYCHRL claims were not timely.  (ECF No. 80 at 9–11.)  As explained above, the plaintiff's NYCHRL claims were time-barred by the time he brought them.

fatal defect requiring dismissal."  (ECF No. 74 at 9 (citing *Gehlaut v. N.Y.C. Dep't of Educ.*, No. 22-CV-7862, 2024 WL 456822, at *7 (E.D.N.Y. Feb. 6, 2024)).)

The plaintiff objects, arguing that the § 3813 requirement does not apply to this case, as he is seeking only equitable relief, not money damages.  (*See* ECF No. 80 at 5–9.)  The defendant responds that the plaintiff's claims are still subject to the notice-of-claim requirement because "the crux of the FAC is to seek to vindicate the private interest of the Plaintiff-student T.T;" "the FAC seeks an order directing the [defendant] to provide T.T. with a certain number of hours of compensatory educational services, which is clearly a private interest."  (ECF No. 84 at 9.)  In addition, the defendant argues that the relief sought is "not equitable in nature" because the FAC and the proposed SAC also request costs and reasonable attorneys' fees.  (*Id.*)

The "private interest" cases to which the defendant cites are distinguishable because those cases did not involve requests solely for equitable relief.  For example, in *McClellan v. Alexander Cent. Sch. Bd. of Educ.*, the Fourth Department found that the plaintiff's claims were subject to the notice-of-claim-requirement because the plaintiff requested not only equitable relief, but also "other and further relief as may be just and proper," and "the Supreme Court[] grant[ed] back pay and benefits" — in other words, money damages — in addition to equitable relief.  201 A.D.2d 898, 898–99 (4th Dep't 1994).  (*See* ECF No. 84 at 8–9 (citing *McClellan*).)  In this case, the plaintiff requests only equitable relief and attorneys' fees and costs, not "other and further relief as may be just and proper."  (*See* ECF Nos. 10 (FAC), 44-1 (proposed SAC).)

Nor does the plaintiff's request for attorneys' fees and costs mean that the plaintiff was subject to the notice-of-claim requirement.  Attorney's fees and costs in 42 U.S.C. § 1988 cases are not properly categorized as money damages and do not otherwise change the nature of the relief requested.  *See Brown v. City of New York*, 56 Misc. 3d 1218(A) (N.Y. Sup. Ct. 2017)

("[A]ttorney's fees cannot fairly be characterized as an element of relief indistinguishable from other elements because unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action."), *aff'd*, 170 A.D.3d 596 (2019).

Accordingly, the plaintiff's NYCHRL claims are not subject to the notice-of-claim requirement. *See McGovern*, 114 A.D.3d at 795. The report and recommendation is therefore modified to reflect that the plaintiff's NYCHRL claims are not barred by his failure to file a notice of claim. However, as discussed above, this holding was not dispositive to Judge Marutollo's report and recommendation — and is not dispositive here — because it was made in the alternative. Although the plaintiff's NYCHRL claims are not barred for noncompliance with the notice-of-claim requirement, they are still properly dismissed because they are time-barred and fail to state a claim upon which relief can be granted. *See Kahn v. N.Y.C. Dep't of Educ.*, 79 A.D.3d 521, 522 (1st Dep't 2010), *aff'd*, 18 N.Y.3d 457 (2012).

## CONCLUSION

For these reasons, I adopt the report and recommendation subject to the modifications discussed above.  The plaintiff's motion for leave to amend is granted in part only to allow the plaintiff to withdraw his NYSHRL claim, and is otherwise denied.  The defendant's cross-motion for partial judgment on the pleadings is granted, and the plaintiff's NYCHRL, Section 1983, Rehabilitation Act and ADA claims are dismissed with prejudice.[6]  The only remaining claim in this lawsuit is the plaintiff's IDEA claim.


**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
      July 26, 2024

---

[6] "An action dismissing a claim on statute of limitations grounds is a final decision on the merits unless it is specifically stated to be without prejudice."  *Pentagen Techs. Int'l Ltd. v. United States*, No. 01-CV-3078, 2002 WL 465308, at *5 (S.D.N.Y. Mar. 26, 2002) (citing Fed. R. Civ. P. 41(b)).