UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JERRY GEZA TOTH on behalf of T.T., a minor,

                          Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendant.

------------------------------------------------------------------- X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

No. 21-cv-4245 (AMD)(JAM)

**WHEREAS,** Jerry Geza Toth commenced an administrative proceeding on behalf of his child, T.T. ("Plaintiff") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, concerning T.T.'s 2019-2020 school year ("SY"), which was designated Impartial Hearing ("IH") Case No. 206350;

**WHEREAS** Plaintiff commenced an earlier administrative proceeding on behalf of T.T. pursuant to the IDEA also concerning T.T.'s 2019-2020 SY, which was designated IH Case No. 173630, and wherein an impartial hearing officer ("IHO"), in a Findings of Fact and Decision ("FOFD") dated April 20, 2020, found that the Department of Education ("Defendant") denied Plaintiff a Free and Appropriate Public Education ("FAPE") for the 2019-2020 SY, granted some relief which included tuition reimbursement and compensatory services (but denied other relief);

**WHEREAS,** Plaintiffs commenced federal actions 19-cv-3403 and 19-cv-3821, seeking tuition for the Keswell School or another specialized school, plus related services;

**WHEREAS,** Plaintiffs pursued IHO Case No. 173630, consolidating complaints

for the 2017-2020 school years, with a hearing on March 11, 2020, where the IHO granted tuition for Gersh Academy but denied home-based 1:1 ABA therapy;

☐          **WHEREAS**, both parties appealed, and the SRO affirmed tuition for Gersh Academy, modifying the decision to include 20 hours per week of home-based 1:1 ABA therapy (SRO Decision 20-089);

☐          **WHEREAS**, in consolidated cases 19-cv-3403 and 19-cv-3821, the parties entered a stipulation on May 24, 2021, addressing certain months of missed schooling in 2019.

**WHEREAS**, in IH Case No. 206350, an IHO issued a Findings of Fact and Decision ("FOFD") dated October 4, 2021, finding that Plaintiff was barred from further litigating T.T.'s 2019-2020 SY under a theory of res judicata and denied Plaintiff any relief;

**WHEREAS**, Jerry Geza Toth filed a Request for Review with the State Review Office ("SRO") appealing the FOFD, which was designated as SRO No. 21-215 (the "SRO Appeal");

**WHEREAS**, the SRO issued a decision in the SRO Appeal dated December 20, 2021 ("SRO Decision"), dismissing Plaintiff's appeal;

**WHEREAS**, on July 28, 2021, Plaintiff commenced this federal action ("Federal Action") against Defendant New York City Department of Education appealing the SRO Decision under the IDEA, as well as, individual claims pursuant to other federal and state and law (including Section 504 of the Rehabilitation Act, the Americans with Disabilities Act of 1990 and 42 U.S.C. § 1983), and seeking various relief, including moving for a permanent injunction ("PI"), Plaintiff moved to withdraw notion for PI and Court granted motion on November 24, 2021;

**WHEREAS**, on January 26, 2022, Plaintiff amended the Complaint to include a putative class action under the New York City Human Rights Law, seeking compensatory services

for all New York City students with disabilities who missed instruction as a result of the COVID-19 pandemic;

**WHEREAS,** Defendant sought to dismiss the Federal Action on the basis of res judicata and claim preclusion, and on January 5, 2023, the Court denied the motion, rejecting the reasoning of the FOFD and SRO decisions below;

**WHEREAS,** on July 1, 2023, Plaintiff moved to amend the first amended Complaint ("FAC"), and on October 2, 2023, Defendant moved to dismiss all but Plaintiff's SRO appeal pursuant to the IDEA for failure to state a claim on the pleadings;

**WHEREAS,** on February 21, 2024, the Court issued a Report and Recommendation, and, on August 20, 2024, the Court issued an order, granting Defendant's motion to dismiss and denying Plaintiff's motion to amend, reducing the remaining claims to Plaintiff's SRO appeal;

**WHEREAS,** Defendant denies any and all liability arising out of Plaintiff's allegations; and

**WHEREAS,** the parties desire to resolve, without further proceedings and without any admission of fault or liability, all issues raised in the Federal Action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1.  In consideration of the terms and payments described below and subject to the terms set forth below, the Federal Action and claims set forth in the Complaint, FAC in connection with T.T.'s individual claims, including IH Case No. 206350, the FOFD, and the SRO Appeal concerning the 2019-2020 SY, as well as Plaintiff's class claims pursuant to New York City Human Rights Law are hereby dismissed with prejudice.

2.  The Department of Education shall fund up to 385 hours of compensatory services at a rate not to exceed $240/hour ($92,500.00) ("Compensatory Bank") for instruction in mathematics, English Language Arts, science, and social studies, geography, speech, physical therapy, and transitional skills including living skills and behavior skills, all of which shall be provided exclusively by certified teacher special education teachers, or teachers otherwise included in the New York State Education Department Teacher Certification Lookup website.

3.  Plaintiffs may use the services in the Compensatory Bank referenced in Paragraph "2" at any time from the date that this stipulation is executed up until June 30, 2027 (the "Federal Compensatory Services End Date"). Any services remaining in the Compensatory Bank that are unused by the Federal Compensatory Services End Date shall be forfeited. Except for good cause, limited to force majeure, there shall be no extension of the Federal Compensatory Services End Date. Any extension on the basis of force majeure is limited to the earlier of 60 days, or August 29, 2027.

4.  Payment under this Stipulation will be contingent upon receipt of records indicating the actual receipt of the services specified in Paragraph "2" of this Stipulation and proof of costs, and, in the event of reimbursement, proof of prior payment. Any payment for the Compensatory Bank of services must be for services actually delivered to Plaintiff. Proof of payment must be submitted for reimbursement within 60 days of delivery of service. If any of the Compensatory Bank providers have not previously been paid by the Department or have had a change in name or address since prior payments, they shall submit an updated and correctly completed W-9 Form. The documentation for services rendered pursuant to the Compensatory Bank in Paragraph "4" shall be submitted by one of the following methods:

  a) Preferred method by e-mail to: NPSPSettlements@schools.nyc.gov (with the Plaintiff's name and OSIS number in the subject line); or

  b) By U.S. Mail to: New York City Department of Education, Bureau of Non-Public School Payables, Attention: Settlements Unit, 65 Court Street, Room 1001, Brooklyn, New York 11201; or

  c) By facsimile to: (718) 472-6101, Attention: Settlement Unit, Bureau of Non-Public School Payables.

5.  The City of New York shall pay FORTY TWO THOUSAND FIVE HUNDRED DOLLARS and ZERO CENTS ($42,500.00) in full satisfaction of all claims for attorneys' fees, costs, and expenses incurred or accrued in connection with prosecuting the Federal Action and all underlying administrative proceedings, including but not limited to IH Case No. 206350, the SRO Appeal, and all individual and class claims known and unknown arising from the 2019-2020 SY. Such payment will be made to "Anton Mikofsky, Attorney at Law", and paid either electronically through "PIP ETF" or by check mailed to c/o/ Anton Mikofsky, Law Office of Anton Mikofsky, 236 West 26th St., Ste. 303. New York, NY, 10001, and shall be issued within ninety (90) days of receipt of all documents specified in Paragraph "6."

6.  In consideration of the payments, funding and terms set forth in paragraphs "2" through "5" above, Plaintiff and Anton Mikofsky, Attorney at Law agree to dismissal of all of Plaintiff's individual and class claims in this action as per Paragraph "1" and agree to release and discharge Defendant, the City of New York, its agencies, their successors and assigns, and all present or former officials, employees, departments, agencies, representatives, directors and agents of Defendant and the City of New York from any and all liabilities, claims, and/or rights of action that were raised or that could have been raised in this Federal Action, or those arising out of the

factual allegation contained in the First Amended Complaint, including but not limited to, T.T.'s individual claims under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, 42 U.S.C. § 1983, New York State Human Rights Law, and the Individuals with Disabilities Education Act, the class claims under the New York City Human Rights Law, and in IH Case No. 206350, including the SRO Appeal, and any claim concerning the education of T.T. during the 2019-2020 SY, including all claims for attorneys' fees, costs, and expenses incurred or accrued in connection with IH Case No. 206350, the SRO Appeal, and this Federal Action as of the date that this Stipulation was executed.

7. Payment of the amounts specified in paragraphs "2" and "5" are conditioned upon delivery of all documents reasonably necessary to effectuate this Stipulation as described in paragraph "8", and shall be issued within ninety (90) days of receipt of all documents specified in paragraph "8".

8. Following execution of this Stipulation and Order, Plaintiff and Anton Mikofsky, Attorney at Law shall each execute separate Releases based on the terms of paragraphs "1" and "6", above. 3 Attorney at Law shall also complete a substitute W-9 form. Plaintiff's' counsel shall promptly provide the completed substitute W-9 forms and Releases to Defendant's undersigned counsel.

9. Nothing contained herein shall be deemed to be an admission by Defendants that they have in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, or the New York City Department of Education, or any other rule, regulation, or bylaw of any department or subdivision of the City of New York or the New York City Department of Education.

10. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Department of Education.

11. This Stipulation shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as may be necessary to enforce its terms.

12. This Stipulation contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation, regarding the subject matter of the instant proceeding shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained herein.

13. Nothing contained herein shall be deemed to be an agreement or admission by Defendants or the City of New York as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiff's counsel.

14. This Stipulation is final and binding on all Parties, as well as their successors and assigns. If the Court does not accept the Stipulation or invalidates any provision of this Stipulation, the Stipulation will be considered null, void, and non-binding on all parties.

15. This Stipulation may be executed in counterparts, and a facsimile, photocopied, or electronic signature shall be deemed valid for all purposes.

16. The Court will retain jurisdiction over the enforcement of this Stipulation.

17. Any dispute arising under the Stipulation and with regard to its enforcement can be presented to the Court. Prior to contacting the Court on any issue arising under the Stipulation, the Party seeking relief shall provide the other Party with written notice of the nature and specifics of the issues for which relief will be sought. Such written notice must be provided by email at least fifteen (15) business days before contacting the Court. Counsel shall meet and confer within this fifteen (15) business day period in an attempt to resolve any outstanding issues

described in the written notice. If the Parties are not able to resolve the issues within the above-referenced fifteen (15) business day period, counsel will thereafter, within a reasonable period of time, write to the Court setting forth the nature of the alleged issues and seeking a conference with the Court. If the Parties cannot resolve the issue by agreement within the time-frame for resolution set by the Court, any Party may thereafter make a motion for relief before the Court in accordance with a schedule set by the Court or agreed upon between the Parties. If the issue raises irreparable harm, the fifteen (15) business day period is reduced to three (3) business days. However, disputes over attorneys' fees regarding Stipulation compliance must be negotiated within thirty (30) calendar days, rather than the fifteen (15) business days indicated above.

Dated: June 20, 2025
New York, New York

ANTON MIKOFSKY
Law Office of Anton Mikofsky
Attorney for Plaintiff
236 W 26 St., #303
New York, New York 10001
(212) 736-2624

By: _____
Anton Mikofsky

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-2016
Lhowland@law.nyc.gov

By: _____
Lauren Howland
Special Assistant Corporation Counsel